IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES REDD, | ) |
| Plaintiff, | ) |
| vs. | ) No.  2:10-cv-1004 |
| DELANOR, KEMPER & ASSOCIATES, LLC | ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, CHARLES REDD, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, DELANOR, KEMPER & ASSOCIATES, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Columbus, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability company of the State of Georgia, which is not licensed to do business in Ohio and which has its principal place of business in Atlanta, Georgia.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about June 22, 2010, a representative and/or employee of Defendant contacted Plaintiff by telephone at approximately 9:00 a.m. in an attempt to collect the aforementioned alleged debt, but failed to identify that Defendant was a debt collector during the course of said communication with Plaintiff.

8. During said telephone conversation, Defendant's representative and/or employee referenced a "case number" and further stated that if Plaintiff did not pay the alleged debt by 1:00 p.m., he would be charged with "theft in Franklin County." The nature of these statements thereby implied that Plaintiff had committed a crime and that the caller was an attorney and/or was communicating on behalf of an attorney.

9. However, upon information and belief, Defendant does not employee any attorneys who are licensed to practice law in the State of Ohio and is therefore not capable of initiating legal action against Plaintiff in Ohio.

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    b. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    d. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

    e. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

    f. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CHARLES REDD, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

3

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

12. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

13. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

14. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

15. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

16. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

17. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

18. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, CHARLES REDD, respectfully prays for a judgment against Defendant as follows:

a.   Statutory damages of $200.00 for each violation of the OCSPA;

b.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.   Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com

5